UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRA FINANCIAL TRUST,<br><br>                                     *Plaintiff,*<br><br>v.<br><br>GEMINI TRUST COMPANY, LLC,<br><br>                                     *Defendant.* | Case No. 22-cv-04672 (AT)(JLC) |

### DECLARATION OF TRAVIS FREEMAN

Travis Freeman declares pursuant to 28 U.S.C. § 1746:

1. I am over 18 and competent to make this declaration. I have been employed at Gemini Trust Company, LLC ("Gemini") since 2018. My initial job responsibilities involved onboarding of institutional clients. Since January 1, 2021, I have been serving as Gemini's Director of Compliance. I am familiar with, and I have access to, Gemini's records kept in the ordinary course of business regarding the process for creating and activating accounts and accepting the terms of the Gemini's User Agreement and API Agreement.

2. The following facts are based on my personal knowledge and review of Gemini's records.

### OVERVIEW

3. Gemini runs an online digital asset platform that allows customers to buy, sell, transfer, and store various cryptocurrencies through Gemini's website. In order to use the Gemini platform, customers must first create a Gemini account and agree to the terms of Gemini's User Agreement.

4. Gemini also offers an Application Programming Interface ("API") which allows Gemini's users to buy, sell, transfer, and store cryptocurrencies directly through the API, without

using Gemini's website. In order to access and use Gemini's API, the users have to agree to Gemini's API Agreement.

### PLAINTIFF APPLIES FOR AN INSTITUTIONAL ACCOUNT WITH GEMINI

5. Plaintiff IRA Financial Trust Company ("Plaintiff") is an institutional client of Gemini. Plaintiff helps individual customers invest their IRA funds. Plaintiff applied for an institutional account with Gemini so that Plaintiff could provide its customers who were interested in investing their IRA funds in cryptocurrencies access to Gemini's services.

6. Plaintiff submitted its institutional application with the required supporting documentation to Gemini in September 2019. A copy of Plaintiff's institutional application is attached as **Exhibit 1**. A member of the company had to sign and execute the institutional application as a representative of Plaintiff. Plaintiff's President Adam Bergman did so on September 16, 2019, stating, among other things, the following terms:

> (1) I hereby certify to Gemini [] that the above natural person [is] legally ***authorized to represent***, execute trades***, and transact on behalf of the above registered company***. (2) I understand that Gemini will be relying on the accuracy of the above certification and I represent, warrant and covenant to Gemini that the above statements are complete and accurate.

Ex. 1 at 12 (emphasis added).

### IRAF ENTERS INTO USER AGREEMENT AND API AGREEMENT

7. Plaintiff's institutional application was reviewed and approved by Gemini's compliance team resulting in the creation of IRAF's institutional account number ***5190. Subsequently, Gemini approved two additional institutional accounts for IRAF—number ***2072 and ****6844.[1] The institutional accounts remained inactive and inaccessible until an

---

[1] Account ***2072 was created because account ***5190 exceeded the maximum permissible number of sub-accounts, *i.e.*, accounts of IRAF's customers. Account ****6844 was created at IRAF's request after IRAF's February 8 security breach but was never used.

administrator – an IRAF representative – created a user profile.  In order for an administrator to create a user profile and render Plaintiff's institutional accounts active, the would-be administrator was invited to set up an administrator account.

8. To do so, an individual at IRAF had to use Gemini's account registration page at https://exchange.gemini.com/register.  On the registration webpage, an individual was prompted and required to enter his or her full name, email address, and a password.  Before proceeding further in the account creation process, the individual was required to affirmatively check a separate box next to language stating "By creating this account, you agree to our User Agreement and Privacy Policy."  The underlined phrases "User Agreement" and "Privacy Policy" each hyperlink to the full text of the respective document on Gemini's website so the individual can review it.  A screenshot of the relevant portion of this webpage is attached as **Exhibit 2**.

9. In 2019 (and continuing through today), it was impossible for an individual to create an administrator account without checking the box expressly indicating agreement to the Gemini User Agreement.  Continuing the signup process required an individual to click a button with the text "Open an account."  If an individual did not check the box agreeing to the User Agreement, the "Continue" button remained inoperable.

10. Gemini maintains an electronic log of certain actions taken by individuals in connection with their use of the Gemini platform, including a log of the individuals' acceptances of the User Agreement.  A copy of the log with all Plaintiff's employees that signed up for administrator accounts, their user identification numbers, the related institutional account numbers, and the date/time they agreed to the User Agreement is attached as **Exhibit 3**.  It also contains the date and time of any administrator's most recent login, which caused the administrator to accept any amendments to the Gemini User Agreement.

11. IRAF's President Adam Bergman first agreed to the User Agreement on October 4, 2019, at 5:08 pm. A copy of the User Agreement effective at that time is attached as **Exhibit 4**. His most recent login and acceptance of the User Agreement took place on April 7, 2021 at 9:07 pm. A copy of the amended User Agreement (the "Amended User Agreement") effective at that time is attached as **Exhibit 5**.

12. Both User Agreements include an arbitration clause. Ex. 4 at 62-64; Ex. 5 at 74-77.

13. Both User Agreements also provide that, by accessing or using Gemini's API, the user is agreeing to enter into Gemini's API Agreement and supply a link to the full text of the API Agreement. Ex. 4 at 18-19; Ex. 5 at 15.

14. Exhibit 3 reflects the names of Plaintiff's employees and representatives that accepted the API Agreement, their related account numbers, and the dates they agreed to the API Agreement.

15. IRAF's President Adam Bergman first agreed to the API Agreement on October 4, 2019, at 5:08 pm. A copy of the API Agreement effective at that time is attached as **Exhibit 6**. His most recent login and acceptance of an API Agreement was April 7, 2021 at 9:07 pm. A copy of the amended API Agreement (the "Amended API Agreement") effective at that time is attached as **Exhibit 7**.

16. Both the API Agreement and the Amended API Agreement provide that they are subject to the terms and conditions set forth in Gemini's User Agreement and include a link to the full text of the User Agreement. Ex. 6 at 3; Ex. 7 at 2.

17. I make this declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct in support of defendant Gemini's motion to compel arbitration.

By *Travis Freeman*
Travis Freeman